United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 20-33274 |
| **LILIS ENERGY, INC.**, *et al.*, | § § | CHAPTER 11 |
| Debtors. | § § | |
| **JOHN D. BAUMGARTNER, SOLELY IN HIS CAPACITY AS THE UNSECURED CLAIM POOL SUB-TRUSTEE,** | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | ADVERSARY NO. 22-3149 |
| **PLATINUM OILFIELD SERVICES LLC,** | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

On January 13, 2023, the Plaintiff moved for summary judgment on this lawsuit to recover preferential payments of $419,831.78 made to Platinum Oilfield Services. The motion is fully supported by the declaration filed by John D. Baumgartner at ECF No. 26-1. Summary judgment should be granted.

### BACKGROUND

On February 3, 2023, Platinum responded to Plaintiff's motion for summary judgment. (ECF No. 27). The response raises a single defense and requests time to complete discovery on its defense. (ECF No. 27 at 2). The defense is that the payments were made in "the ordinary course of business." (ECF No. 27 at 2). Although the Defendant fails to attach a declaration or affidavit in support of that defense, it does attach a series of purported invoices. (ECF No. 27-4). The Court will assume that the purported invoices would be admissible on trial of this matter.

Defendant alleges that the attached invoices support the proposition that:

> Here, the debtor and defendant have a business relationship for the provision of goods and services that originated in August of 2018, more than one and a half years before the preference period established by the bankruptcy petition of the debtor. **The payments' timing and amounts were substantially similar at all times, including during the preference period, as supported by the billing invoices attached as Exhibit D.  [emphasis added].**

(ECF No. 27 at 3).

The Court has reviewed Exhibit D.  Some of the invoices reflect that payments were made on delivery of the goods.  (ECF No. 27-4).  Other of the invoices reflect that payment is immediately due. (ECF No. 27-4).  None of the invoices reflect that any payments were not timely made in accordance with the terms of the invoices.  (ECF No. 27-4).  There is an absence of any evidence or purported documentation beyond the bare attachment of the inconclusive invoices as exhibits to support the ordinary course defense.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A genuine dispute of material fact means that evidence is such that a reasonable fact finder "could return a verdict for the nonmoving party." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  It is the movant's burden to establish that no genuine issue of material fact exists. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (citing *Condrey v. SunTrust Bank of Ga.,* 429 F.3d 556, 562 (5th Cir. 2005)).  A party asserting that a fact cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine

dispute, or showing that an adverse party cannot produce admissible evidence to support that fact. FED. R. CIV. P. 56(c)(1). If the movant establishes "the absence of evidence supporting an essential element of the non-movant's case," the burden shifts to the non-movant to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326 (citing *Condrey*, 429 F.3d at 562).

In ruling on a motion for summary judgment, a court should view the facts and evidence in light most favorable to the non-moving party. *Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014). Nevertheless, the court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Env't. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015). The Court need only consider the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Aubrey v. Sch. Bd. of Lafayette Par.*, 92 F.3d 316, 318 (5th Cir. 1996). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

## DISCUSSION

The Defendant alleges that additional discovery is needed to establish its ordinary course defense. The Defendant is necessarily in possession of its own invoices and its own records reflecting the timing of the receipt of payments. That information would allow the assertion of an ordinary course defense. Perhaps the Defendant's invoices could have explained why additional discovery would be helpful, but the invoices filed by the Defendant fail to assert any factual basis concerning the timing of the payments received prior to and during the preference period. Nor has the Defendant filed any other form of record or documentation providing that key piece of

evidence, which would be necessary to asserting an ordinary course of business defense. *See* 11 U.S.C. § 547(c)(2).

Inexplicably, the Defendant fails to offer a "scintilla of evidence" or any meaningful argument that would suggest that a delay to allow additional discovery would assist in the resolution of this dispute. *See Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015).

A motion seeking a delay for additional discovery is filed under Fed. R. Bankr. P. 7056, which incorporates Fed. R. Civ. P. 56(d). It is certainly true that Rule 56(d) motions should be liberally granted. *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). Nevertheless, when there is no showing that additional discovery will assist the Court's decision, it should not be granted. *Id.* A party filing a Rule 56(d) motion "must demonstrate how additional discovery will create a genuine issue of material fact". *Smith v. Reg'l Transit Auth.,* 827 F.3d 412, 422 (5th Cir. 2016). As the Fifth Circuit has instructed:

> [T]he party filing the motion must demonstrate "how additional discovery will create a genuine issue of material fact." *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (citation omitted). More specifically, "the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.' " *Biles*, 714 F.3d at 894 (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

*Id*. at 422–23.

In this case, the Defendant fails to set forth anything more than a conclusory statement that the additional discovery is "necessary to establish its defense." The motion does not even attempt to explain what information could be obtained in discovery that is not already contained in the Defendant's own records.

## **CONCLUSION**

There is no genuine issue of material fact. There is no showing that further delay allowing for additional discovery would be beneficial to the resolution of this dispute. A separate judgment will be issued.

SIGNED 02/06/2023

_____
Marvin Isgur
United States Bankruptcy Judge